ROANE, Judge.
If the agreement, stated in the answer of the appellee, was rightly interpreted by the jury, who found the verdict in question, and there was no fraud used, or any improper conduct in the jury, which is not pretended, their verdict and the judgment upon it ought not to be disturbed.
The substance of the agreement, as disclosed in-the answer of the appellee, and not disproved by any testimony, was “ that the appellant should in November, 1784, take into his custody and safe-keeping a final settlement certificate for 628/. having interest due thereon from the 22d of March, 1783, to be thereafter appropriated agreeable to the directions of the appellee.” Every appropriation, therefore, made by order of the appellee, (which includes all the advances in' certificates stated by the appellant, and admitted in the report of the commissioner,) was in pursuance of the agreement; and made the appellant a proprietor of the like sum in the certificate then in custody. But, with respect to his ulterior account, stated in specie, *498 he was not only not warranted by the agreement to set off the balance of the certificate at the then current price as a payment thereof, but it is expressly stated in the answer, and not disproved, that the chief of the charges were for goods, wares, and merchandizes; and, that before he took one of those articles, the appellant gave him to understand, that he would receive payment therefor out of the interest on the certificate. The appropriation, then, of this balance of the appellee’s certificate, without his consent and in violation of the agreement thus stated, was rightly estimated by the jury; and the principles, upon which their verdict was founded, are not improper.
With respect to the 10/. difference in the price of the horse, as resulting from the answer of the appellee in opposition to Ligón’s testimony, the answer in this respect ought not to avail him. For, admitting that answer in this instance to be positive, the deposition of Ligón is equally so; and is supported by the following circumstances: 1st. That this charge was not objected to before the commissioner; although the appellee was personally present. 2d. That he says in another part of his answer, “ that he admitted at the trial at law, all the offsets which the appellant contended for, and now contends for;” among which is comprehended the 10/. now in question.
As then, it does not appear, from the present case, that the jury interpreted this agreement otherwise than is right; as it is not shewn that their calculations under this principle were erroneous, there is no ground to impeach the verdict. There is no ground to say, from the case before us,that they did not take into consideration, in assessing the damages, the circumstances that a part of this certificate, if funded, wouldiiave constituted what is called deferred stock.
If, indeed, it now appeared to us, that this was not the ease; .if this could be deduced with any certainty, from any. testimony in the record, going to the value of these certificates about the time of the demand, or from other circumstances, it might be material to give relief in this respect. So, if the appellant had shewn that the price of certificates, by which the jury went, in assessing the damages, was not the price at the time of the demand, (which for want of other testimony, we must fix to be that of bringing the suit, which' time likewise is not mentioned in the proceedings,) but a higher price at some anterior period, this circumstance also might be a substantial ground *499 of relief. But, we cannot make the appellant’s case better than he himself has made it; and, we must- not upon surmise and conjecture, overturn the verdict of a jury.
Therefore, I think the decree must be affirmed.
CARRINGTON, Judge.
The judgment at law was probably unjust; but I cannot interfere without testimony; and the appellant has furnished none. I am, therefore, constrained to concur in affirming the decree, upon the principles mentioned by Judge Roane, although I fear injustice is done by it.
PENDLETON, President.
The certificate for 628?. was delivered by Payne to Woodson, as bank stock, to be drawn for as Payne wanted it; and Woodson paid for Payne at different times 514?. In consequence of which, he became entitled to so much in the .stock and interest; and Payne to the balance of 114?. Woodson drew 66?. 12s. in specie, for the whole certificate; and was accountable to Payne, for his proportion as 514?. is to 114?.; ¿mounting to 12?. Is. Qd, Woodson, before and soon after, paid for Payne, in specie 22?. 3s. 9d.; leaving a balance due to Woodson in specie, to be changed into certificates at 3s. 6d. of 10?. 2s. equal to 57?. 10s. Which left due to Payne, in certificates, the sum of 56?. 9s. 11 d.% worth then, something less than 10?. And the verdict is for 202?. 16s. Id. specie, on account of the aforesaid balance of 114?. certificates.
It is, therefore, very probable, that the verdict is unjust, hut the appellant has not made out a case for the interference of a Court of Equity; and, therefore, the decree must be affirmed. The appellant ought to have shewn the period when the certificate ought to be turned into money, in consequence of the conversion.
The decree was affirmed without prejudice.